UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 1, 2024

LETTER TO PARTIES

RE: *VonCedric K. v. Commissioner, Social Security Administration*
Civil No. SAG-24-451

Dear Plaintiff and Counsel:

Plaintiff, proceeding pro se, filed this action against the Commissioner of the Social Security Administration ("SSA" or "Defendant") on February 15, 2024. ECF No. 1. Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, is now pending. ECF No. 10. Having reviewed the parties' briefs, *see* ECF Nos. 10-1, 12-1, 13, the Court finds that no hearing is necessary, *see* Loc. R. 105.6 (D. Md. 2023). For the reasons discussed below, Defendant's Motion will be construed as a Motion for Summary Judgment and granted, and the Complaint will be dismissed.

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Plaintiff alleges that, in July 2023, the SSA improperly assessed an overpayment of benefits against him in the amount of $35,348.60. ECF No. 1 at 6. He contests the SSA's overpayment decision on multiple grounds. *See id.*

In response, Defendant has filed a Motion to Dismiss or, in the Alternative, for Summary Judgment, which is supported by exhibits. ECF Nos. 10, 10-2. A motion presented in this manner permits the Court to consider materials outside the pleadings. *See Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). The Court may do so if the consideration of such materials is "likely to facilitate the disposition of the action" and if additional discovery is unnecessary. *Wells-Bey v. Kopp*, No. ELH-12-2319, 2013 WL 1700927, at *5 (D. Md. Apr. 16, 2013). Insofar as Defendant seeks summary judgment under Federal Rule 56, Defendant must show that "no genuine dispute as to any material fact" exists and that Defendant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

*VonCedric K. v. Commissioner, Social Security Administration*
Civil No. SAG-24-451
July 1, 2024
Page 2

Because Defendant styled its Motion as one for summary judgment "in the alternative" and submitted matters outside the pleadings, Plaintiff has proper notice that the Court may construe the Motion under Federal Rule 56.  *Laughlin*, 149 F.3d at 260–61.  Construal under this rule is also appropriate because, for the reasons explained below, the Court can properly dispose of this matter based solely on the administrative materials submitted by Defendant.  *See Wells-Bey*, 2013 WL 1700927, at *5.  Therefore, the Court will construe Defendant's Motion as a Motion for Summary Judgment.

Having so determined, the Court turns to the parties' arguments.  Defendant contends that Plaintiff lacks the ability to obtain judicial review of the SSA's overpayment decision because he failed to exhaust his administrative remedies and has not shown that the failure to exhaust should be excused.  ECF No. 10-1 at 5–8.  Plaintiff responds that he exhausted his administrative remedies by meeting with "the [C]ommissioner of his district," going to an SSA field office, and making subsequent attempts to "follow up and handle the situation[.]"  ECF No. 12-1 at 1, 3.

The Social Security Act provides, in relevant part, that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which [they were] a party, . . . may obtain a review of such decision" in federal court.  42 U.S.C. § 405(g).  "By requiring a final decision of the Commissioner as a condition for judicial review, § 405(g) effectively mandates exhaustion of administrative remedies as a prerequisite for filing suit."  *L.N.P. v. Kijakazi*, 64 F.4th 577, 583 (4th Cir. 2023).  This exhaustion requirement may be excused if: (1) the plaintiff's claims are "collateral" to their claims for benefits; (2) the plaintiff "would be irreparably injured" by the imposition of the exhaustion requirement; or (3) exhaustion would be futile.  *Id.* at 584; *see also id.* at 586–87 (declining to decide whether all three factors must be satisfied and noting in dictum that "irreparable injury might, in some circumstances, operate as an independent equitable justification for bypassing exhaustion").

Relevant here, the issue of "[w]hether an overpayment of benefits must be repaid" to the SSA is classified as an "initial determination."  20 C.F.R. § 416.1402.  Such determinations must be appealed within the SSA's "administrative review process," which includes reconsideration, a hearing before an administrative law judge, a decision issued by an administrative law judge, and review by the SSA's Appeals Council.  *Id.* § 416.1400.  Once a claimant has completed each of these steps, the SSA's initial determination is considered final.  *See id.* § 416.1400(a)(5).

Having reviewed the parties' submissions, the Court concludes that summary judgment in favor of Defendant is warranted.  The administrative records attached to Defendant's Motion show that the SSA issued a Notice of Overpayment on June 13, 2023.  ECF No. 10-2 at 19.  The Notice informed Plaintiff of his right to appeal the overpayment determination within sixty days of his receipt of the Notice.  *Id.* at 22.  The SSA asserts in a Declaration that, as of April 15, 2024, Plaintiff "has not had a hearing before an Administrative Law Judge, and an Administrative Law Judge has not issued a decision or dismissal relating to . . . [P]laintiff."  *Id.* at 3.

Although Plaintiff identifies various attempts that he made to address the issue, he does not dispute that he failed to appeal the SSA's overpayment decision within the framework of the SSA's

*VonCedric K. v. Commissioner, Social Security Administration*
Civil No. SAG-24-451
July 1, 2024
Page 3

administrative review process. *See generally* ECF No. 12-1. The undisputed material facts therefore show that Plaintiff did not exhaust his administrative remedies. *L.N.P.*, 64 F.4th at 583. Although the Court may excuse a failure to exhaust in certain instances, *see id.* at 584, Plaintiff has not argued that any such circumstances are present here, *see generally* ECF Nos. 1, 12-1. The Court therefore finds that judicial waiver of the exhaustion requirement is not warranted.

In sum, the undisputed material facts make clear that Plaintiff failed to exhaust his administrative remedies and, consequently, failed to fulfill "a prerequisite for filing suit[.]" *L.N.P.*, 64 F.4th at 583. Accordingly, Defendant's Motion, ECF No. 10, construed as a Motion for Summary Judgment, is GRANTED in favor of Defendant. The Complaint is DISMISSED. The Clerk is directed to MAIL a copy of this letter to Plaintiff and to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an Opinion and docketed as an Order.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge