**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF**<br>**STEPHANIE A. GALLAGHER**<br>**UNITED STATES DISTRICT JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-7780**<br>**Fax (410) 962-1812**<br>**MDD_SAGchambers@mdd.uscourts.gov** |

August 30, 2024

**LETTER ORDER**

   Re: <u>VonCedric K. v. Martin O'Malley, Commissioner, Social Security Administration</u>
     Civil Case No. SAG-24-0451

Dear Plaintiff and Counsel:

  Plaintiff VonCedric K. ("Plaintiff"), proceeding *pro se*, filed a Correspondence with the Court on July 9, 2024. ECF No. 15. In Plaintiff's correspondence, he "reiterate[d] that the claim made is for [disability] benefits" and if further information or documentation is needed, he sought to resubmit or rearrange such information to resolve his claim. ECF No. 15, at 1, 3. Defendant did not file a response. The Court construes Plaintiff's correspondence as a motion to alter or amend judgment under the Federal Rule of Civil Procedure 59(e). *See Jarvis v. Berryhill*, No. TMD-15-226, 2017 WL 467736, at *1 (D. Md. Feb. 3, 2017) (construing *pro se* Plaintiff's "Motion for Reconsideration and Motion to Vacate Order" as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e)).

  Under Rule 59(e), this Court may alter or amend its prior ruling in three situations: (1) where "there has been an intervening change of controlling law," (2) where "new evidence has become available," or (3) where "there is a need to correct a clear error or to prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to 'ask the Court to rethink what the Court had already thought through—rightly or wrongly.'" *Crocetti v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018) (internal quotation marks omitted) (quoting *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001)).

  Though the Court has an obligation to liberally construe the filings of self-represented parties, it is not permitted to act as "an advocate for a *pro se* litigant." *Zaman v. Cmty. Coll. of Balt. Cty.*, No. JKB-17-3584, 2018 WL 1811520, at *2 (D. Md. Apr. 17, 2018); *see also Levy v. Howard Cnty.*, No. SAG-21-2800, 2022 WL 703927, at *1 (D. Md. Mar. 9, 2022) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Nor can the Court "assume, or invent, facts outside the record in order to patch together a viable claim for a *pro se* plaintiff." *Zaman*, 2018 WL 1811520, at *2; *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating that a district court may not "conjure up questions never squarely presented")).

  Here, Plaintiff does not contend that there has been an intervening change in the law. Instead, Plaintiff seeks to reiterate the same arguments presented in his initial briefing. More specifically, Plaintiff argues that his claim is "more than a response to the denial of cash benefits

<u>VonCedric K. v. Commissioner, Social Security Administration</u>
Civil Case No. SAG-24-0451
August 30, 2024
Page | 2

and is about back pay that was not received that [Plaintiff][1] is entitled." ECF No. 15, at 1.  This Court squarely addressed Plaintiff's contention in its July 1, 2024 Memorandum Opinion ad Order ("July 1, 2024 Decision").  This Court found that Plaintiff "failed to appeal the [Social Security Administration's ("SSA")] overpayment decision within the framework of the SSA's administrative review process.  ECF No. 14, at 2-3.

Additionally, this is not a case where new evidence has become available after the Court's decision.  Plaintiff again details his various attempts to address this issue.  For example, he met with the Commissioner of his district, he elaborated on his timeline of overpayment and employment information, and detailed his attempts to meet with an additional Commissioner in a separate county office.  ECF No. 15, at 1-2.  However, as examined in the July 1, 2024 Decision, the Court determined that with the facts presented before it, "judicial waiver of the exhaustion requirement [was] not warranted."  ECF No. 14, at 3.

Plaintiff lastly attempts to revive his claim by informing the Court of his previously submitted documents and asking if any new documents or information is required to resolve his claim.  However, as stated in the July 1, 2024 Decision, the "undisputed material facts make clear that Plaintiff failed to exhaust his administrative remedies and, consequently, failed to fulfill 'a prerequisite for filing suit[.]'"  ECF No. 14, at 3. (quoting *L.N.P. v. Kijakazi*, 64 F.4th 577, 583 (4th Cir. 2023)).  As such, Plaintiff has not shown that reconsideration is necessary here to "correct a clear error or to prevent manifest injustice."  *Robinson*, 599 F.3d at 411.

Because there is no appropriate basis for reconsideration, Plaintiff's Correspondence, ECF 15, construed as a motion to alter or amend judgment, is DENIED.  Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion and docketed as an Order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge

---

[1] Plaintiff mistakenly names himself as the Defendant throughout his correspondence.  This Court will construe the references to Defendant as to Plaintiff, himself.